UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. PORTEE,<br><br>    Petitioner,<br><br>v.<br><br>KOENIG,<br><br>    Respondent. | Case No. 19-cv-02948-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

**DISCUSSION**

**STANDARD OF REVIEW**

The Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIM**

Petitioner was convicted in 1982 and sentenced to life in prison. Petition at 1. In this petition he argues that the judges involved in issuing an arrest warrant for him, a warrant to search his car and in presiding over his preliminary hearing did not have oaths of office. Assuming this states a federal claim this petition appears to be successive or untimely.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Antiterrorism and Effective Death Penalty Act of 1996, which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

2

retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A prisoner with a state conviction finalized before April 24, 1996, had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001).

The petition is dismissed with leave to amend. Court records indicate that petitioner has filed several habeas petitions in this Court. If petitioner has already challenged this conviction, he must demonstrate why it is not successive or he must show that he has received authorization from the 9th Circuit. If petitioner has not challenged this conviction, he must demonstrate why the case is not untimely.

## CONCLUSION

1. Within **twenty-eight (28) days** of service of this order, petitioner must file an amended petition. Failure to file an amended petition within the designated time may result in the dismissal of this action.

2. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 6, 2019

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. PORTEE,<br><br>    Plaintiff,<br><br>v.<br><br>KOENIG,<br><br>    Defendant. | Case No. 19-cv-02948-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 6, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David B. Portee ID: C-50736
CTF - Correctional Training Facility -Soledad
P. O. Box 689
Soledad, CA 93960


Dated: August 6, 2019

                                            Susan Y. Soong
                                            Clerk, United States District Court


                                            By: /s/ Lisa R. Clark
                                            LISA R. CLARK, Deputy Clerk to the
                                            Honorable JAMES DONATO