UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID B. PORTEE,

Petitioner,

v.

KOENIG,

Respondent.

Case No. 19-cv-02948-JD

**ORDER OF DISMISSAL**

Petitioner, a California prisoner, proceeds with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

The Court may consider a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIM**

Petitioner was convicted in 1982 and sentenced to life in prison. Am. Pet. at 1. In the original habeas petition, the main argument was that the judges involved with various events in petitioner's case in 1981 -- his arrest warrant, a search warrant, and a preliminary hearing -- did not have proper oaths of office in place. This was, on its face, a highly doubtful claim, but the Court determined in any event that it appeared to be successive or untimely. The petition was dismissed with leave to amend to address that issue, which is now taken up here.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Antiterrorism and Effective Death Penalty Act of 1996, which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if

such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A prisoner with a state conviction finalized before April 24, 1996, had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner says that the petition is timely and not successive because he recently discovered that the judges involved in his case in 1981 did not have oaths of office filed with the Secretary of State. The point is not well taken. To start, petitioner has not proffered any evidence showing the lack of a proper oath. At most, he says he personally hasn't seen what he considers to be appropriate documentation of the oaths. That is not evidence. Moreover, the facts relevant to the petition date back to 1981 or before. It is not at clear how any of this is, or could ever be deemed, new.

That is enough to dismiss the case with prejudice. The Court also notes that, even if the petition were proper, it fails to state a viable claim for relief. Petitioner's argument that there was an error under state law does not entitle him to relief because the state courts already denied this claim. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

## CONCLUSION

The case is **DISMISSED** and the Clerk is requested to close the file. The Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: January 6, 2020

JAMES DONATO
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

DAVID B. PORTEE,

    Plaintiff,

v.

KOENIG,

    Defendant.

Case No. 19-cv-02948-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 6, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David B. Portee ID: C-50736
CTF - Correctional Training Facility -Soledad
P. O. Box 689
Soledad, CA 93960

Dated: January 6, 2020

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4